**Charles MONTGOMERY, Kenneth Johnson, and Frederick Franklin, Plaintiffs,**

v.

**Walter KELLY, Supt., Attica Correctional Facility, Defendant.**

No. Civ–87–53C.

United States District Court, W.D. New York.

June 3, 1987.

Charles Montgomery, Kenneth Johnson and Frederick Franklin, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y. (Andrew Lipkind, Asst. Atty. Gen., of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

Plaintiffs, inmates at the Attica Correctional Facility, now bring an action against Superintendent Walter Kelly to challenge Attica's Rule 12a, which prohibits inmates from talking while moving in line within the facility (Item 1). According to plaintiffs, Rule 12a violates their first amendment rights on two grounds. First, plaintiffs say that Rule 12a is completely unreasonable and unnecessary to maintain security, but serves only to create "unnecessary tension and frustration within the prison population." Second, two of plaintiffs say that Rule 12a unreasonably infringes on plaintiffs' right to freely worship and practice their Islamic faith by prohibiting plaintiffs to give or receive the Islamic salutations described in the "Holy Quran." Defendant now moves to dismiss plaintiffs' complaint for failure to state a claim upon

which relief can be granted under 42 U.S.C. § 1983. *See* Rule 12(b)(6) of the Federal Rules of Civil Procedure (Items 7–8). Plaintiffs oppose (Item 13).

Rule 12a of the Attica Correctional Facility Inmate Rule Book states that: "12. Inmates moving in formation: a. there will be no talking in line...."

Defendant has filed a memorandum of law claiming that the rule is reasonable on its face. He says that, while prisoners retain those rights which are not inconsistent with their status as inmates or with the legitimate penological objectives of the prison institution, "internal prison security is a legitimate objective which limits the First Amendment rights of inmates." *Pell v. Procunier*, 417 U.S. 817, 823, 826, 94 S.Ct. 2800, 2804, 2805, 41 L.Ed.2d 495 (1974). Defendant says that reasonable time and place restrictions, such as that contained in Rule 12a, may therefore be legally imposed to preserve discipline and keep order. *Dooley v. Quick*, 598 F.Supp. 607, 612–13 (D.R.I.1984), *aff'd*, 787 F.2d 579 (1st Cir.1986); *cf., Cristallo v. James* (CIV–84–330C, October 9, 1984) [Available on WESTLAW, DCT database] (where this court found that plaintiff's claim challenging prison restriction on talking after 10 p.m. did not state a constitutional claim).

Given the above, defendant says that, in the present case, the rule in question is self-evidently related directly to the maintenance of facility order, personal safety, and discipline of the inmates. He argues:

> [m]ovement of groups of inmates within a correctional facility presents opportunity and risk of confrontation by or between one or more inmates or groups of inmates. The no-talking rule preserves a high degree of order when moving groups of inmates from one place to another within the facility. This is especially so when the staffing levels allow up to 40 inmates to be escorted by a single correction officer....
> [T]his rule plainly and on its face enhances the safety and security of all persons involved in inmate movements from one place to another.

Item 8 at 5, 6.

Secondly, defendant argues that, as a matter of law, Rule 12a does not violate the plaintiffs' right to free exercise of religion. He argues that, while the Supreme Court has emphasized that prisoners retain the constitutional right to the free exercise of religion, it has also acknowledged that prison officials necessarily retain latitude in the administration of prison affairs. *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Bell v. Wolfish*, 441 U.S. 520, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1979).

Defendant says that, in the instant case, the rule in question is directly related to the maintenance of personal security in the facility. Moreover, defendant argues that plaintiffs are not otherwise prevented from exercising the tenets of Islam or from greeting each other on other occasions. Instead, defendant says that because plaintiffs are otherwise afforded a "reasonable opportunity of pursuing [their] faith," plaintiffs' complaint must be dismissed. *Childs v. Duckworth*, 705 F.2d 915, 920 (7th Cir.1983).

In response to defendant's first argument, plaintiffs argue that there is no evidence in the record that would show that allowing inmates at Attica to talk in the hallways would threaten or undermine the safety and order of the facility. *Long v. Parker*, 390 F.2d 816 (3d Cir.1968). Instead, they maintain that this rule is only in place to "harass and impede communication between inmates, and in some instances between inmates and employees." Item 13, p. 1. Plaintiffs say that their position is supported by the fact that a comparable rule "does not exist at any other prison in this state, and at one time was even abolished at Attica." *Id.* at 2.

According to plaintiffs:

> Rule 12a breeds tension, anxiety and frustration within the prison population. Its sole purpose is to harass, break the spirit of inmates and make them feel less than human. When a person is deprived of a basic right, such as the right to "speak," it makes him feel less than a man, less than human, and he eventually comes to think of himself as such.

*Id.* (footnote omitted).

Finally, plaintiffs argue that the prohibition of two of the plaintiffs' religious prac-

tices are not justified on the basis of defendant's claimed security interest. Plaintiffs say that defendant has shown no actual security need for the imposition of the challenged rule which outweighs these plaintiffs' right to freely practice their religion. As the basis of these arguments, plaintiffs say that defendant's motion to dismiss be denied by this court.

 Based on all of the above, defendant's motion to dismiss must be denied at this time. As has been stated by the Supreme Court in *Procunier v. Martinez,* 416 U.S. 396, 422–23, 94 S.Ct. 1800, 1815–16, 40 L.Ed.2d 224 (1974), prisoners do not lose their constitutional rights when the prison gates close behind them but retain all rights except those expressly or by necessary implication taken away by law. As such, it is incumbent on corrections officers—like defendant here—"to show that the act of censorship furthers an important government interest (such as rehabilitation or prison security) and that the limitation on first amendment freedoms is no greater than necessary under the circumstances." *Abdul Wali v. Coughlin,* 754 F.2d 1015, 1029 (2d Cir.1985), *citing Procunier v. Martinez, supra,* 416 U.S. at 413, 94 S.Ct. at 1811. *See also Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

The *Abdul Wali* court said:

prison officials must be afforded wider-anging deference in promulgating and implementing restrictions that proscribe only one of numerous available means of enjoying protected liberties. Because such restrictions work only limited privations, courts should yield to official determinations regarding their necessity and propriety. It would be too easy for us to substitute our judgments for those of trained professionals with years of firsthand experience. But where a regulation or practice does no more than define the "time, place or manner" in which prisoners may enjoy a protected right, we must avoid the temptation to do so.

*Abdul Wali v. Coughlin, supra* at 1033 (citations omitted).

In his instant motion, defendant has failed to meet his burden. Despite statements in plaintiffs' memorandum that Rule 12a was promulgated for purposes of harassment, and that comparable rules do not exist in any other prison in the state, defendant has not come forward with any sworn affidavit or other evidence in support of the reasonableness and propriety of Rule 12a. Instead, defendant has supplied only the unsworn memorandum of an attorney to this court. Accordingly, this court cannot properly determine what is the professional judgment of defendant regarding Rule 12a at this time.

Defendant's motion is denied. A motion for summary judgment, with an affidavit by the Superintendent or another person in authority who is familiar with the necessity of the rule, may help to narrow some of the issues in this case. That affidavit shall be filed not later than August 3, 1987. Plaintiffs will then be given an opportunity to reply.

So ordered.